**FILED**

**JANUARY 29, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ERWIN MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| JOSEPHINE CHRISTOPHER, Star 5974, and | ) | Jury Demand |
| JOSE ALVAREZ, Star 13055, | ) | |
| | ) | |
| Defendants. | ) | |

**08 C 631**

**JUDGE GOTTSCHALL
MAGISTRATE JUDGE NOLAN**

## COMPLAINT

1.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law of the State of Illinois.

2.     Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.     Plaintiff is a resident of Chicago, Illinois.

5.     Defendant police officers are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6.     The Defendant-Officers are sued in their individual capacities.

7.     Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

### Facts

8.     At about 7:00 p.m. on May 14, 2007, Plaintiff was at his aunt's home located at 949 North Hamlin Avenue in Chicago.

9.      While Plaintiff was on the front porch with other family members, two police cars stopped in front. Officers called Plaintiff to come to them.

10.     Plaintiff went to the officers and they asked Plaintiff for identification.

11.     Plaintiff produced his identification.

12.     A Defendant-Officer patted down and searched Plaintiff. No contraband or evidence of criminal activity was found.

13.     As Plaintiff was walking away, an officer told Plaintiff to come back.

14.     Plaintiff walked back. An officer told Plaintiff that they had him on camera selling drugs all day.

15.     Plaintiff explained that he was not selling drugs.

16.     Plaintiff was arrested.

17.     Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

18.     Plaintiff was taken to the local police station.

19.     During processing at the station, Defendant-Officer ALVAREZ punched Plaintiff in the jaw for allegedly being a smart ass.

20.     Plaintiff was charged with possession of .1 grams of cocaine, a felony. The case was docketed in the Cook County Circuit Court as: People v. Erwin Moss, 07111992501.

21.     As a result of the arrest, Plaintiff was incarcerated 10 days until June 23, 2007.

22.     The case was dismissed by the state on June 23, 2007.

23.     For his injuries from the excessive force used by ALVAREZ, Plaintiff received medical attention at St. Bernard Hospital.

24.     Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

25.     As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses, attorneys' fees, and monies posted for bond.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

26.    Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

27.    Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

28.    The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant-Officers,

b)    Award compensatory and punitive damages, as determined at trial,

c)    Award attorneys' fees and costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Excessive Force)

29.    Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

30.    Defendant-Officer ALVAREZ violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant-Officer ALVAREZ,

b)    Award compensatory and punitive damages, as determined at trial,

c)    Award attorneys' fees and costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Malicious Prosecution)

31.    Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

32.    Defendant-Officers instituted charges against Plaintiff for possession of a controlled substance.

33.    There was not probable cause for such charges.

34. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award compensatory and punitive damages, as determined at trial,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (State Law *Respondeat Superior* Claim)

35. The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

36. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

37. The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

38. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

4

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595