**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ERWIN MOSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 631 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | JUDGE GOTTSCHALL |
| Chicago Police Officers | ) | |
| JOSEPHINE CHRISTOPHER, Star 5974, | ) | Magistrate Judge Nolan |
| and JOSE ALVAREZ, Star 13055, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, City of Chicago, and Chicago Police Officers Josephine Christopher and Jose

Alvarez, (referred to herein as "Defendant Officers"), (referred to collectively as "Defendants"), by

one of their attorneys, Julia S. Bruce, Assistant Corporation Counsel of the City of Chicago, for their

Answer, Affirmative Defenses and Jury Demand to Plaintiff's Complaint, state:

1.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the
common law of the State of Illinois.

**ANSWER:**     **Defendants admit that jurisdiction is proper, but deny that Defendant**

**Officers engaged in any wrongful or illegal conduct.**

2.     Jurisdiction for Plaintiffs federal claims is based on 28 U.S.C. §§ 1331 and 1343(a).
Jurisdiction for Plaintiffs state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. §
1367(a).

**ANSWER:**     **Defendants admit that jurisdiction is proper, but deny that Defendant**

**Officers engaged in any wrongful or illegal conduct.**

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose

in this district as alleged below.

**ANSWER:     Defendants admit that venue is proper, but deny that Defendant Officers engaged in any wrongful or illegal conduct.**

### Parties

4.     Plaintiff is a resident of Chicago, Illinois.

**ANSWER:     Upon information and belief, Defendants admit the allegations contained in this paragraph.**

5.     Defendant police officers are duly appointed and sworn Chicago police officers.  At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER:     Defendants admit the allegations contained in this paragraph.**

6.     The Defendant-Officers are sued in their individual capacities.

**ANSWER:     Defendants admit the allegations contained in this paragraph.**

7.     Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER:     Defendants admit the allegations contained in this paragraph.**

### Facts

8.     At about 7:00 p.m. on May 14, 2007, Plaintiff was at his aunt's home located at 949 North Hamlin Avenue in Chicago.

**ANSWER:     Defendants admit that at approximately 6:50 pm on May 14, 2007, Defendant Officers observed Plaintiff near the address of 949 North Hamlin Avenue in Chicago. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.**

9.     While Plaintiff was on the front porch with other family members, two police cars stopped in front. Officers called Plaintiff to come to them.

**ANSWER:**    Defendants deny that when Defendant Officers arrived Plaintiff was on the porch with other family members. Defendants admit that at some point, Defendant Officers stopped their vehicle near 949 North Hamlin. Defendants admit that at some point, another police vehicle also stopped near 949 North Hamlin. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

10.    Plaintiff went to the officers and they asked Plaintiff for identification.

**ANSWER:**    Upon information and belief, Defendants admit that one of the other Chicago Police Officers asked Plaintiff for identification. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

11.    Plaintiff produced his identification.

**ANSWER:**    Upon information and belief, Defendants admit the allegations contained in this paragraph.

12.    A Defendant-Officer patted down and searched Plaintiff. No contraband or evidence of criminal activity was found.

**ANSWER:**    Upon information and belief, Defendants admit that one of the other Chicago Police Officers conducted a protective pat down of Plaintiff. Upon information and belief, Defendants admit that no contraband was found on Plaintiff's person. Defendants deny the remaining allegations contained in this paragraph.

13.    As Plaintiff was walking away, an officer told Plaintiff to come back.

**ANSWER:**    Defendants are without information sufficient to form a belief as to the

3

truth of the allegations contained in this paragraph.

14.     Plaintiff walked back. An officer told Plaintiff that they had him on camera selling drugs all day.

**ANSWER:     Defendants deny that Defendant Officers told Plaintiff they had him on camera selling drugs all day.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.**

15.     Plaintiff explained that he was not selling drugs.

**ANSWER:     Defendants deny that Plaintiff explained to Defendant Officers that he was not selling drugs that day.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.**

16.     Plaintiff was arrested.

**ANSWER:     Defendants admit the allegations contained in this paragraph.**

17.     Plaintiff had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

18.     Plaintiff was taken to the local police station.

**ANSWER:     Defendants admit the allegations contained in this paragraph.**

19.     During processing at the station, Defendant-Officer ALVAREZ punched Plaintiff in the jaw for allegedly being a smart ass.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

20.     Plaintiff was charged with possession of .1 grams of cocaine, a felony.  The case was docketed in the Cook County Circuit Court as: People v. Erwin Moss, 07111992501.

**ANSWER:     Upon information and belief, Defendants admit the allegations**

4

contained in this paragraph.

21.    As a result of the arrest, Plaintiff was incarcerated 10 days until June 23, 2007.

**ANSWER:**    **Defendants admit that Plaintiff was incarcerated until May 23, 2007.**

**Defendants deny any remaining allegations contained in this paragraph.**

22.    The case was dismissed by the state on June 23, 2007.

**ANSWER:**    **Defendants admit that the case was dismissed on May 23, 2007.**

**Defendants deny any remaining allegations contained in this paragraph.**

23.    For his injuries from the excessive force used by ALVAREZ, Plaintiff received medical attention at St. Bernard Hospital.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

24.    Each individual Defendant-Officer acted willfully, wantonly, maliciously, oppressively, and with a conscious disregard and deliberate indifference to Plaintiffs rights.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

25.    As a direct and proximate result of the acts of the Defendants described above, Plaintiff has suffered and continues to suffer damages including loss of physical liberty, emotional distress, physical pain and suffering, and pecuniary damages including medical expenses, attorneys' fees, and monies posted for bond.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

### COUNT I
### (42 U.S.C. § 1983 - False Arrest/Imprisonment)

26.    Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

**ANSWER:**    **Defendants restate their answers to paragraph 1 through 25 as if fully set forth herein.**

27.    Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiff.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

28.    The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT II
### (42 U.S.C. § 1983 - Excessive Force)

29.    Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

**ANSWER:**    **Defendants restate their answers to paragraph 1 through 25 as if fully set forth herein.**

30.    Defendant-Officer ALVAREZ violated Plaintiffs Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:**    **Defendants deny the allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT III
### (State Law Claim for Malicious Prosecution)

31.    Plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

**ANSWER:**    **Defendants restate their answers to paragraph 1 through 25 as if fully set forth herein.**

6

32.     Defendant-Officers instituted charges against Plaintiff for possession of a controlled substance.

**ANSWER:     Defendants admit that Plaintiff was charged with Possession of a Controlled Substance.   Defendants deny any remaining allegations contained in this paragraph.**

33.     There was not probable cause for such charges.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

34.     The charges were terminated in a manner favorable to Plaintiff.

**ANSWER:     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT IV
### (State Law *Respondeat Superior* Claim)

35.     The acts of the individual Defendant-Officers described in the supplementary state law claims specified above were willful and wanton, and committed in the scope of employment.

**ANSWER:     Defendants deny the allegations contained in this paragraph.**

36.     Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

**ANSWER:     Defendants admit the doctrine of *respondeat superior* attributes liability to the Defendant City of Chicago as principal for its agents' actions committed within the scope of employment but deny that Defendant Officers committed any wrongful or illegal act.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on

this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable

Court deems necessary and proper.

**COUNT V**
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

37.     The acts of the individual Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:**     **Defendants deny the allegations contained in this paragraph.**

38.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments in this case arising from the actions of the Defendant-Officers.

**ANSWER:**     **Defendants admit that the Illinois Tort Immunity Act, 745 ILCS 10/9-102 provides that "a local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article." 745 ILCS 10/9-102.  Defendants deny the remaining allegations contained in this paragraph.**

**WHEREFORE,** Defendants respectfully request that judgment be entered in their favor on this Count and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

**AFFIRMATIVE DEFENSES**

1.     At all times relevant to the events alleged in Plaintiff's Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting Defendants, could have believed that the actions taken by them were objectively reasonable and were within constitutional limits that were clearly established at the time.  Defendants, therefore, are

entitled to qualified immunity as a matter of law.

2.      Where Defendants may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of Plaintiff's which were the proximate cause of these injuries and damages.

3.      Under the Illinois Tort Immunity Act, the Defendants are not liable for the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

4.      Under the Illinois Tort Immunity Act, the Defendants are not liable for the allegations because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

5.      Under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because the decision as to what action to take with regard to the Plaintiff was a discretionary decision for which the City and its employees are immune from liability. 745 ILCS 10/2-201.

6.      Under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, unless they acted maliciously and without probable cause. 745 ILCS 10/2-208.

7.      To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

9

## <u>JURY DEMAND</u>

Defendants request a trial by jury.

Respectfully submitted,

<u>/s/ Julia S. Bruce</u>
Julia S. Bruce
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-0451
(312) 744-6566 (Fax)
Atty. No. 06273493